IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD WILLIAMS, JR., # 187184                                    PETITIONER

VS.                                        CIVIL ACTION NO.  1:15cv422-LG-FKB

UNKNOWN BRADLEY, Warden                                           RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion to Dismiss [19].  Petitioner filed an "Objection to the State of Mississippi's Motion to Dismiss" [22-1] as a part of an eighty-nine (89) page Motion for Temporary Restraining Order and Motion for Evidentiary Hearing [22], all of which the Court construes as a response to the Motion to Dismiss.  Respondent argues that the petition should be dismissed because Williams has failed to exhaust state remedies.  However, Petitioner asserts that he has exhausted state remedies.  For the reasons explained below, the Motion to Dismiss should be denied without prejudice.  Nevertheless, the undersigned recommends that this matter should be stayed and held in abeyance until Petitioner exhausts his state court remedies.

FACTS AND PROCEDURAL HISTORY

On October 17, 2013, a jury of the Circuit Court of Pearl River County, Mississippi, convicted Williams for failing to register as a sex offender, in violation of Miss. Code Ann. § 45-33-33(1)(a) (Supp. 2014).  [19-2] at 3; *Williams v. Mississippi*, 167 So. 3d 252, 254 (Miss. Ct. App. 2015).  Williams had also been indicted as a habitual offender pursuant to Miss. Code Ann. § 99-19-83 (Supp. 2014).  Despite being indicted as a habitual offender and facing the possibility of life in prison without the eligibility of parole, probation, or any other form of early release, Williams proceeded at trial *pro se*, without the aid of counsel. [19-2] at 4; *Williams*, 167 So. 3d

at 256; [22-4] at 6.  After his conviction for failing to register as a sex offender, the trial court sentenced Williams to life in prison as a habitual offender pursuant to Miss. Code Ann. § 99-19-83 (Supp. 2014).[1]

According to the Mississippi Court of Appeals, Williams proceeded *pro se* on direct appeal and argued that his "right to due process was violated and that he was subjected to double jeopardy in violation of the United States Constitution." [19-2] at 4; *Williams*, 167 So. 3d at 256. He also argued before the Court of Appeals that the "trial court erred in denying his motion to dismiss his case based on a double-jeopardy violation." *Id.*[2]  The Mississippi Court of Appeals issued its decision affirming Williams's conviction on June 9, 2015. [19-2] at 1; *Williams*, 167 So. 3d at 252.

Respondent asserts that Williams did not file a timely motion for rehearing before the Mississippi Court of Appeals, nor has he filed a motion for post-conviction relief.  However, on November 5, 2015, Williams filed in the Supreme Court of Mississippi a motion entitled "Rule

---

[1]The trial court found that Williams qualified as a habitual offender pursuant to Miss. Code Ann. § 99-19-83 based on two previous convictions.  The first conviction was Williams's January 1995 plea of guilty and conviction of the crime of criminal sexual conduct in the third degree in Minnesota, to which he was sentenced to a suspended term of eighteen months with ten years' probation. The Minnesota state court later revoked his suspended sentence, and he was incarcerated over one year. [17-1] at 34; *Williams*, 167 So. 3d at 256. The second conviction was Williams's plea of guilty on December 19, 2008, to aggravated battery in the state of Illinois, for which he was sentenced to three years' imprisonment.  Williams served approximately 483 days of that sentence. [19-2] at 4; *Williams*, 167 So. 3d at 256.

[2]It appears that Williams attached his *pro se* brief on direct appeal to his Petition.  [6-1] at 18-42.   Petitioner attached the State's brief on direct appeal to his Motion for Temporary Restraining Order. [22-4] at 3-12.  In its brief on direct appeal, the State addressed two issues: whether Williams was subjected to a double jeopardy violation and whether he was afforded due process.  A complete record of Williams's filings before the Mississippi Court of Appeals is not before the Court at this time, and there is also no complete state court record before the Court.

99-39-5[3] Motion and Motion Post Conviction Relief Motion" in which he requested "de novo review and rehearing to the Mississippi Supreme Court in accordance with the exhaustion requirement of state remedy.  The Appellant files this Motion for De Novo Review of and to secure his basic fundamental rights afforded him by the Fourteenth Amendments and Fifth Amendments to the United States Constitution." [19-3] at 1.[4]

On November 16, 2015, the Supreme Court of Mississippi filed an Order addressing Williams' "letter motion." [6-1] at 60; [19-4]. Instead of treating Williams's motion as a motion for post-conviction relief filed pursuant to Miss. Code Ann. § 99-39-5, the court construed the motion as one for rehearing.  The court observed that Williams sought "de novo review and rehearing to the Mississippi Supreme Court in accordance with the exhaustion requirement of state remed[ies]."  The court noted that Williams's conviction and sentence were affirmed by the Mississippi Court of Appeals on June 9, 2015, and that the mandate issued on June 30, 2015.[5]  The order did not discuss Williams's claims, nor did it dismiss the claims with prejudice.  Instead, a single justice found "that the instant motion is not well-taken and should be denied." *Id.*

With this ruling in hand, on November 23, 2015, Williams filed his petition for habeas

---

[3]Mississippi's Uniform Post-Conviction Collateral Relief Act is found at Miss. Code Ann. § 99-39-1, *et seq.*  A motion for post-conviction relief is filed pursuant to Miss. Code Ann. § 99-39-5.

[4]Only the first page of this filing is attached to Respondent's Motion to Dismiss.  It is also included in the Petition. [6-1] at 59.

[5]Under Miss. R. App. P. 40(a), motions for rehearing are due within fourteen (14) days after issuance of a decision by the Mississippi Court of Appeals.  Under Miss. R. App. P. 41(a), a mandate issues twenty-one (21) days after a decision is issued, but a mandate is stayed by the timely filing of a motion for rehearing.

corpus relief pursuant to 28 U.S.C. § 2254 in this Court.[6]  In his first ground for relief, Williams broadly argues that he was denied "basic Due Process Constitutional Rights, Double Jeopardy violations, Equal Protection Clause violations" based on his inability to call key witnesses and being charged twice with failure to register as a sex offender. [6] at 5. In his second ground for relief, he vaguely argues that he was "denied basic Constitutional Due Process Clause violations, Double Jeopardy, Equal Protection Clause" based on his inability to call a key witness regarding his "illegal eviction" carried out by police which resulted in him being charged with failure to register as a sex offender. [6] at 7.  Based on the limited record before the Court, it appears that Petitioner raises some of the same claims he included in his direct appeal.  In addition, Williams's filings related to his "letter motion" filed on November 15, 2015, are not before this Court.  Instead, only the first page of the "letter motion" is presented in this forum.

The State responded to the Petition with a Motion to Dismiss. [19].  In its motion, Respondent asserts that Williams's claims in his federal habeas petition have not been properly exhausted in state court pursuant to 28 U.S.C. § 2254.

---

[6]

For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a "mailbox rule" applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it.  *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997).

*Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).  It appears that Williams signed and dated his petition on November 23, 2015.  Accordingly, this Court will infer that Williams delivered his petition to prison officials for mailing on November 23, 2015.

DISCUSSION

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). A habeas petitioner has failed to meet the exhaustion requirement "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Respondent argues that the claims raised by Williams in his federal habeas petition have not been properly exhausted in state court.

The undersigned agrees that the implication of the order of the state supreme court is that the court construed Williams's "letter motion" as one for rehearing rather than a motion for post-conviction relief. The Mississippi Supreme Court specifically mentioned that Williams sought "de novo review and rehearing" and denied the motion, citing the dates on which the decision on his direct appeal issued and the mandate issued. Thus, it can be inferred that the court would consider a properly filed motion for post-conviction relief pursuant to Miss. Code Ann. § 99-39-1, *et seq*. If this is the case, Williams has an available remedy in state court, and some of his claims, based on such broad constitutional labels as presented here, could remain unexhausted. Thus, his petition may be construed as a "mixed petition," *i.e.*, containing both exhausted and unexhausted claims, and would ordinarily be subject to dismissal unless Williams were to amend his petition to present only his exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Dismissal, however, would likely mean that Williams would have no federal remedy available once he completes his exhaustion in state court, because any future federal habeas petition could be time-barred pursuant to 28 U.S.C. § 2244(d).[7] Therefore, the undersigned

---

[7]Under § 2244(d), Williams has one year from the date his state conviction became final in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed post-conviction relief application was pending in state court. The Mississippi

concludes that this is an appropriate case for a stay and abeyance, rather than dismissal. Under *Rhines v. Weber,* 544 U.S. 269 (2005), a federal court presented with unexhausted claims has the discretion in limited circumstances to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court if the petitioner can show good cause for his failure to exhaust.

Respondent argues that Williams has made no showing of good cause. The undersigned disagrees. Invoking Miss. Code Ann. § 99-39-5, Williams arguably made an attempt to file a motion for post-conviction relief, but the Mississippi Supreme Court interpreted the motion as a one for rehearing. Proceeding *pro se* at trial, on direct appeal, and in this forum, Williams could have reasonably interpreted the order denying relief to address what he perceived as his motion for post-conviction relief. To be sure, in his petition before this Court, he asserts that he has exhausted. [6] at 2, 12. This reading of the Mississippi Supreme Court's order provides good cause for Williams's failure to exhaust through a post-conviction relief proceeding in state court before pursuing habeas relief here.

For these reasons, the undersigned recommends that this action be stayed and held in abeyance so that Williams may exhaust his claims in state court. Accordingly, Williams should be required to file a motion for post-conviction relief in the Mississippi Supreme Court within thirty (30) days of any Order adopting this Report and Recommendation. If Williams fails to file

---

Court of Appeals affirmed his conviction on June 9, 2015. Williams did not file a timely petition for rehearing, and therefore his state court conviction became final, for purposes of § 2244(d)(1)(A), when his 14-day period for doing so under Miss. R. App. P. 17(b) and 40(a) expired, *i.e.*, on June 23, 2015. He has one year from that date, or until June 23, 2016, in which to file a federal habeas petition, subject to tolling for any properly-filed state post-conviction application. The filing of the instant federal habeas corpus petition on November 23, 2015, does not toll the one-year statute of limitations period imposed by § 2244(d)(1). *See Duncan v. Walker*, 533 U.S. 167 (2001); *see also Parker v. Johnson*, 220 F.3d 584 (5th Cir. 2000).

a motion for post-conviction relief in the Mississippi Supreme Court within thirty (30) days of any Order adopting this Report and Recommendation, Respondent is instructed to file a motion to dismiss this case for Williams's failure to comply with this Order.  Moreover, Williams should file a motion to dissolve this stay and proceed with this case within thirty (30) days of the final resolution of his post-conviction claims by the Mississippi state courts.

## CONCLUSION

Accordingly, for the reasons stated above, the Respondent's Motion to Dismiss [19] should be denied.  Likewise, Petitioner's Motion for Temporary Restraining Order and Motion for Evidentiary Hearing [22] should be denied.  Other pending motions, [16] and [17], will be addressed by separate order. Thereafter, as set forth above, this matter should be stayed and held in abeyance to afford Petitioner an opportunity to exhaust his state remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 17th day of June, 2016.

      /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE