## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DONALD WILLIAMS, JR.**                                    **PETITIONER**

**v.**                                    **CAUSE NO. 1:15CV422-LG-FKB**

**UNKNOWN BRADLEY, Warden**                                    **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DENYING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the Report and Recommendation [23] entered by

United States Magistrate Judge F. Keith Ball in this matter filed pursuant to 28

U.S.C. § 2254.  Judge Ball recommends that this matter should be stayed and held

in abeyance until the petitioner Donald Williams, Jr., exhausts his state court

remedies.  He further recommends that the Motion to Dismiss [19] filed by the

respondent Unknown Bradley should be denied without prejudice.  Williams has

filed an Objection [24] to the Report and Recommendation.  After reviewing the

record in this matter and the applicable law, the Court finds that the Report and

Recommendation should be adopted as the opinion of this Court.

## BACKGROUND

On July 26, 2012, Williams was convicted by a jury of failing to register as a

sex offender in violation of Miss. Code Ann. § 45-33-33(1)(a).  He was sentenced as a

habitual offender to life imprisonment.  Williams appealed the conviction, claiming

that "his right to due process was violated and that he was subjected to double

jeopardy in violation of the United States Constitution."  *Williams v. State*, 167 So.

3d 252, 256 (Miss. Ct. App. 2015).  On June 9, 2015, the Mississippi Court of

Appeals affirmed the conviction and sentence.  *Id.* at 259.  On November 5, 2015,

Williams filed a Motion entitled "Rule 99-35-5 Motion and Motion Post Conviction

Relief Motion [sic]" in which he requested "de novo review and rehearing to the

Mississippi Supreme Court . . . ."  (Respondent's Mot., Ex. C, ECF No. 19-3).  The

Mississippi Supreme Court construed Williams's Motion as a motion for rehearing,

not as a motion for post-conviction relief filed pursuant to Miss. Code Ann. § 99-35-

5.  (Respondent's Mot., Ex. D, ECF No. 19-4).  Therefore, it denied the Motion as

untimely.  (*Id.*)  Williams then filed the present habeas petition, alleging double

jeopardy and denial of his right to due process.  The respondent has filed a Motion

to Dismiss for failure to exhaust administrative remedies, and Williams has filed

two Motions for a Temporary Restraining Order [22, 25], a Motion for Evidentiary

Hearing [22], and a Motion to Transfer [25].

## DISCUSSION

Federal courts are prevented from granting habeas relief unless the

petitioner has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1).

"Exhaustion requires that a petitioner first present the substance of his federal

claims to the highest state court either through direct appeal or by state collateral

review procedures."  *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009).  "To

provide the State with the necessary 'opportunity,' the prisoner must 'fairly present'

his claim in each appropriate state court (including a state supreme court with

powers of discretionary review), thereby alerting that court to the federal nature of

the claim.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513

U.S. 364, 365-66 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  In order

to "fairly present" his claim, the petitioner must present his claim to the highest

state court in a "procedurally proper manner."  *Nickleson v. Stephens*, 803 F.3d 748,

753 (5th Cir. 2015).

Since the Mississippi Supreme Court construed Williams's post-trial Motion

as a motion for rehearing, Judge Ball found:

> [I]t can be inferred that the [Supreme Court] would consider a properly
> filed motion for post-conviction relief . . . .  If this is the case, Williams
> has an available remedy in state court, and some of his claims, based
> on such broad constitutional labels as presented here, could remain
> unexhausted.  Thus his petition may be construed as a "mixed
> petition," i.e., containing both exhausted and unexhausted claims, and
> would ordinarily be subject to dismissal unless Williams were to
> amend his petition to present only his exhausted claims.

(Report and Recommendation at 5, ECF No. 23).  Judge Ball found that this matter

should be stayed and held in abeyance, particularly since Williams had attempted

to file a motion for post-conviction relief but the Mississippi Supreme Court had

construed the Motion as an untimely motion for rehearing.

Williams filed an Objection to the Report and Recommendation.  He

primarily addresses the merits of his habeas petition in the Objection.  With regard

to the question of exhaustion, Williams merely reiterates that his post-trial motion

was entitled "Rule 99-35-5 Motion and Motion Post Conviction Relief Motion [sic]."

The Court finds that Judge Ball's Report and Recommendation should be

adopted as the opinion of this Court.  Since the Mississippi Supreme Court

construed Williams's Motion as a motion for rehearing that it summarily denied as

untimely, Williams still has an available remedy in state court and the claims asserted in his habeas petition have not been fairly presented to the Mississippi Supreme Court.  Furthermore, this matter should be stayed and held in abeyance pending Williams's exhaustion of state court remedies.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is appropriate when there is good cause for the petitioner's failure to exhaust his claims in state court).  The Respondent's Motion to Dismiss is denied without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [23] entered by United States Magistrate Judge F. Keith Ball is **ADOPTED** as the opinion of this Court.  This matter is **STAYED AND HELD IN ABEYANCE** pending William's exhaustion of state court remedies.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Dismiss [19] filed by the respondent Unknown Bradley, the Motions for a Temporary Restraining Order [22, 25] filed by Donald Williams, Jr., the Motion for Evidentiary Hearing [22] filed by Donald Williams, Jr., and the Motion to Transfer [25] filed by Donald Williams, Jr. are **DENIED** without prejudice.

**SO ORDERED AND ADJUDGED** this the 2nd day of August, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE