IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD WILLIAMS, JR., # 187184                                          PETITIONER

VS.                                                  CIVIL ACTION NO. 1:15-cv-422-LG-FKB

UNKNOWN BRADLEY, WARDEN                                                 RESPONDENT

## REPORT AND RECOMMENDATION

This cause is before the Court on the petition for a writ of habeas corpus filed by Donald Williams, Jr., pursuant to 28 U.S.C. § 2254. [1], [6]. At the outset, the Court notes that its review of Williams's conviction is circumscribed. Federal courts do not sit as "super" state supreme courts in habeas corpus proceedings to review errors under state law. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Instead, "[a] state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 110 (1981)(citing 28 U.S.C. § 2254(a)). Guided by these fundamental principles, the Court has considered Williams's petition, the Respondent's answer, and all related filings. For the reasons that follow, the undersigned recommends that the petition be dismissed with prejudice.

I.   Background

Although the Court previously detailed the Petitioner's conviction and procedural history, *see* [23] at 1-4, a brief review will aid in the consideration of this case. On October 17, 2013, Williams was convicted in the Circuit Court of Pearl River County, Mississippi, for failing to register as a sex offender, in violation of Miss. Code Ann. § 45-33-33(1)(a) (Supp. 2014). [19-2] at 3; *Williams v. Mississippi*, 167 So. 3d 252, 254 (Miss. Ct. App. 2015).[1] Williams was also

---

[1] The evidence at trial showed that on July 2, 2012, Williams re-registered with the Department of Public Safety ("DPS"), giving the address of a hotel in Picayune, Mississippi, as his primary residence. *Williams*, 167 So. 3d at

indicted as a habitual offender pursuant to Miss. Code Ann. § 99-19-83 (Supp. 2014). The habitual offender indictment was based on convictions of criminal sexual conduct in the third degree from Minnesota in 1995 and aggravated battery from Illinois in 2008. [19-2] at 6; *Williams*, 167 So. 3d at 254 n.2. Williams represented himself at trial. [19-2] at 4; *Williams*, 167 So. 3d at 256; [22-4] at 6. The trial court subsequently sentenced Williams to life in prison as a habitual offender.

Thereafter, Williams proceeded *pro se* on direct appeal, raising two issues:

1. That his 14th Amendment equal protection rights and 5th Amendment due process rights were violated when he was subjected to double jeopardy on the failure to register as a sex offender charge; and

2. That he was denied the basic, fundamental right to call key witnesses at trial, in particular, a Detective Chris Toast of the Picayune Police Department.

[53-5] at 29-31. The Mississippi Court of Appeals affirmed his conviction on June 9, 2015. [19-2] at 6; *Williams*, 167 So. 3d at 259. Williams did not file a timely motion for rehearing or a petition for writ of *certiorari* with the Mississippi Supreme Court. He also did not pursue a motion for post-conviction relief in state court.

On December 1, 2015, Williams filed his initial petition for habeas corpus relief in this Court. [1]. After Williams filed an amended petition [6], the State responded with a Motion to Dismiss [19], arguing that the petition should be dismissed based on Williams's failure to exhaust state remedies. After consideration of the filings, the Court found that the matter should

---

255. The evidence was undisputed that after July 27, 2012, Williams no longer resided at the Picayune hotel. *Id.* at 255-256. Williams did not, however, re-register with DPS and give his new address. In fact, evidence showed that in September 2012, Williams was living in Clinton, Mississippi, and on September 28, 2012, he re-registered with DPS, again giving the address of the Picayune hotel as his primary residence. *Id.* at 255.

be stayed and held in abeyance while Williams exhausted his state court remedies. *See* [23], [26].

Williams returned to state court and filed a motion for post-conviction collateral relief. *See* [53-6]. In its order on the motion for post-conviction relief, the Mississippi Supreme Court observed that Williams raised "the exact claims that he presented on direct appeal." [52-3] at 1. Specifically, he raised the following:

1. That his due process rights were violated when he was denied the opportunity to call key witnesses; and

2. That he was subjected to double jeopardy.

*See* [53-6] at 112, 187-189, 196-199, 211. As on his direct appeal, he also couched these claims in terms of equal protection violations. *Id.* at 211.

The Mississippi Supreme Court denied relief. [52-3]. In its order, the court found that Williams's claim that he was denied due process when he was denied a key witness at trial was barred by res judicata and failed to meet any exceptions to that rule, including claims of an illegal sentence, the denial of due process in sentencing, and double jeopardy. *Id.* at 2. The court further stated that it considered the merits of Williams's double jeopardy claim and concluded that he did not "present a substantial showing of the denial of a state or federal right" pursuant to Mississippi Code Annotated § 99-39-27(5). *Id.*

Thereafter, this Court lifted the stay, and the State responded to the Petition. [52], [53]. In his Petition, Williams argues the same grounds for relief that he presented on direct appeal and in his motion for post-conviction relief, as follows:

1. Ground One: Williams was denied basic due process constitutional rights, double jeopardy protections, and equal protection clause protections when he was denied key

3

>witnesses at trial and charged twice with failure to register as a sex offender in July 2009 in Marion County and July 2012 in Pearl River County. [6] at 5.

2. Ground Two: Williams was denied basic constitutional due process clause protections, was subjected to double jeopardy, and denied equal protection clause protections when the trial court denied his request to call Detective Chris Toast of the Picayune Police Department as a key witness. [6] at 7.

This matter is now ripe for review.

## II. Discussion

Williams's claims for relief are governed by the standards set forth in 28 U.S.C. § 2254(d). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrase "contrary to . . . clearly established Federal law," under Section 2254(d)(1), means the state court either "applie[d] a rule that contradicts the governing law set forth in our

cases" or in a case with facts "materially indistinguishable from a decision of this Court" arrived at a different conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).

In *Wiggins v. Smith*, 539 U.S. 510 (2003), the Supreme Court "made clear that the 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." 539 U.S. at 520 (quoting *Williams,* 529 U.S. at 413). Thus, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The Supreme Court has observed that "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). There is a "'highly deferential standard for evaluating state-court rulings' . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

In reviewing the state court's factual findings, including implied findings, this Court defers to the state court's factual determinations unless they were "'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000)(quoting 28 U.S.C. § 2254(d)(2)). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98. In the absence of a statement of reasons from the state court, "a [federal] habeas court must determine what arguments or theories . . . could have supported the state court's decision;

5

and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id.* at 102. According to the Supreme Court, this inquiry is the "'only question that matters under § 2254(d)(1).'" *Id.* (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Although petitioner may have presented the state court with what the federal court believes to be a "strong case for relief[, it] does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102.

As both the United States Supreme Court and the Fifth Circuit Court of Appeals have recognized, a criminal defendant is not constitutionally entitled to a perfect trial, just a fair one. *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986); *Sawyer v. Butler*, 848 F.2d 582, 594 (5th Cir. 1988). Perceived improprieties do not warrant habeas corpus relief. *Turner v. Johnson*, 106 F.3d 1178, 1188 (5th Cir. 1997).

With these tenets in mind, the Court concludes that Williams is not entitled to habeas relief. Williams has pointed to no controlling authority to which the decision in his case runs contrary. Nor has Williams demonstrated that the decision in his case was unreasonable in light of the evidence presented. The Court now turns to discuss the grounds for relief presented by Petitioner.

   A.  Ground One:  Double Jeopardy

Petitioner argues that he was denied due process constitutional rights, subjected to double

jeopardy, and endured violations of equal protection when he was charged twice with failure to register as a sex offender.[2] Williams was previously arrested and charged with failure to register as a sex offender in Marion County, Mississippi, in 2009. That charge was ultimately dismissed by "nolle prosequi," without prejudice to the right to re-indict, and never went to trial before a jury. *Williams*, 167 So. 3d at 257-258. In 2012, Williams was charged with and convicted of failure to register as a sex offender in Pearl River County, Mississippi. At both trial and on direct appeal, the state courts determined that Williams failed to establish any double jeopardy violation because the Pearl River County charge was based on a "totally separate set of facts and circumstances from what happened in Marion County. So double jeopardy does not apply." *Id.* at 258. Likewise, in Williams's motion for post-conviction relief, the Mississippi Supreme Court considered Williams's constitutional claims regarding double jeopardy on the merits and concluded that his arguments did not "present a substantial showing of the denial of a state or federal right." [52-3] at 2 (quoting Miss. Code Ann. § 99-39-27(5)).

Reviewing these decisions, the undersigned finds that the state courts did not reach decisions that were contrary to or involved an unreasonable application of the United States Supreme Court's decisions on the double jeopardy clause or his other constitutional arguments. On direct appeal, the Mississippi Court of Appeals found that these separate offenses involved distinct elements, and that prosecution of both offenses did not violate double jeopardy, which is entirely consistent with *Blockburger v. United States*, 284 U.S. 299 (1932) and its progeny. *See, e.g., United States v. Dixon*, 509 U.S. 688 (1993). Moreover, as the Mississippi Court of Appeals pointed out, Williams was never brought to trial on the Marion County charge, therefore

---

[2] As Petitioner repeats his argument regarding denial of witnesses in his second ground for relief, the undersigned will not address that argument in the discussion of Ground One.

jeopardy did not attach. *See United States v. Jorn*, 400 U.S. 470, 479 (1971). The Mississippi Supreme Court's decision on Williams's motion for post-conviction relief echoed these conclusions. Accordingly, this ground provides no basis for habeas relief.

B.  Ground Two:  Denial of Right to Call Witnesses

Williams argues that he was denied his constitutional rights when the trial court denied his request to call certain law enforcement officers, including a Picayune Police Department detective he claimed to be a "key witness." [6] at 5, 7. Williams asserts that he desired to call the detective and officers as witnesses because on July 27, 2012, they carried out an "illegal" eviction of Petitioner and his family from a hotel in Picayune, Mississippi, after which Williams was charged with failure to register as a sex offender.

In an effort to obtain witnesses for Williams at trial, the court directed Williams to provide a witness list to the circuit clerk so that she could issue subpoenas. [53-2] at 56; [53-1] at 29. During the trial, Williams stated that he wished for "Detective Chris Toss and all the accompanying officers . . . including the female officer that was with him" to be called as witnesses. [53-2] at 79-80.[3] He also asked that the court issue subpoenas for other persons, a taxi driver and an officer at the jail where Williams was detained. *Id.* at 80. At the close of the State's case, the circuit clerk had managed to subpoena the taxi driver, the officer at the jail, and a Detective Chris *Toft* of the Picayune Police Department. [53-3] at 41-42, 55-56. The trial court ultimately excluded the testimony of the jail officer as irrelevant. *Id.* at 51. When Detective Toft took the stand, Williams determined that he was not the Picayune Police Department officer that he wanted to call, and therefore, he did not elicit testimony from Toft. *Id.* at 55-56. Williams did

---

[3] The witness list provided by Williams is basically illegible as to the spelling of the detective's last name. One interpretation of the spelling would be "Toast." *See* [53-1] at 29.

8

call the taxi driver as a witness and elicited testimony from him regarding his transport of Williams, his family, and their belongings from the Picayune hotel where Williams and his family resided to Slidell, Louisiana, on July 27, 2012. *Id.* at 57-63.

The Mississippi Court of Appeals considered Williams's complaints regarding lack of witnesses on direct appeal and found that the trial judge did not abuse his discretion on this issue because his request for subpoenas was broad and "'the right to call witnesses is limited to relevant and material testimony.'" *Williams*, 167 So. 3d at 258. The appellate court also considered that state court rules disallow the issuance of subpoenas for "unnecessary witnesses to repeatedly prove the same fact or set of facts." *Id.* (quoting Rule 3.09 of Miss. U. R. Cir. Cnty. Ct. Pr.).

Complaints of uncalled witnesses are not favored in a federal habeas corpus court because, among other reasons, allegations of what a witness would have testified are largely speculative. *McCoy v. Cabana*, 794 F.2d 177, 183 (5th Cir. 1986). Moreover, as this point raises a question of law, this Court's review is limited to determining whether the state court's ruling involved an unreasonable application of clearly established federal law. The admissibility of evidence is a matter of state law. *Edwards v. Butler*, 882 F.2d 160, 164 (5th Cir. 1989). The Supreme Court has held that federal habeas corpus relief will not be granted for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "When a federal court reviews state court evidentiary rulings on a petition for habeas corpus, it will grant relief only if the state court error is sufficiently egregious to render the entire trial fundamentally unfair." *Edwards v. Butler*, 882 F.2d at 164. In other words, federal habeas corpus relief is appropriate only when a conviction has been obtained in violation of federal law or a specific right protected by the United States

9

Constitution. 28 U.S.C. § 2254(a); *Smith v. Phillips*, 455 U.S. 209 (1982). An erroneous state evidentiary ruling may be the basis for federal habeas corpus relief only if "the challenged evidence is a crucial, critical, or highly significant factor in the context of the entire trial." *Thomas v. Lynaugh*, 812 F.2d 225, 230 (5th Cir. 1987).

Although Williams argues that the trial court denied him witnesses, the record shows that it was Williams who failed to provide sufficient information to clearly identify and subpoena the witnesses. *See* [53-1] at 29; [53-2] at 79-80. He has, furthermore, failed to establish in what manner he was legally prejudiced by the failure of the officers, including his alleged "key witness," to appear as witnesses. Williams has not produced affidavits from any officers suggesting the "content of [their] projected testimony." *United States v. Cockrell*, 720 F.3d 1423, 1427 (5th Cir. 1983)(evaluating prejudice regarding uncalled witnesses in the context of an ineffective assistance of counsel claim); *see Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997)(requiring showing of prejudice for habeas relief on due process claim). And any attempt by Williams himself to provide the substance of an officer's testimony is viewed with "great caution" by the Court, particularly "when the only evidence of a missing witness's testimony is from the defendant." *Cockrell*, 720 F.3d at 1427.

Regardless, even if an officer had testified that Williams had been evicted from the Picayune hotel, the evidence was undisputed that Williams no longer lived at the hotel after July 27, 2012, and he failed to re-register his new address with DPS. In fact, the evidence showed that on September 28, 2012, when Williams re-registered with DPS in Jackson, Mississippi, he provided false information that he still lived at the Picayune hotel.[4] *Williams*, 167 So. 3d at 255.

---

[4] Evidence at trial showed that in September 2012, Williams was living in Clinton, Mississippi. *Williams*, 167 So. 3d at 254.

10

In sum, the trial court's inability to obtain Williams's desired witnesses, despite its best efforts based on the information Williams provided, did not "render the entire trial fundamentally unfair." Accordingly, this argument does not provide a basis for habeas relief.

III. Conclusion

For these reasons, this petition should be denied, and this matter should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 4th day of February, 2019.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE